# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KYLE ALAURA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:13-CV-287 |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Kyle Alaura seeks attorney's fees under the Equal Access to Justice Act due to the Seventh Circuit reversing and remanding the ALJ's previous denial of benefits. (DE 33, 37.) For the reasons stated below, I will **GRANT** this request.

**Background**

Alaura was struck in the back of his head with a bar stool some time ago, shattering his skull and requiring extensive surgery. That incident has left him with a multitude of lasting effects, prompting him to file for social security disability benefits. Specifically, Alaura claimed continuing struggles with dizziness, confusion, headaches, nausea, absence-type seizures (causing Alaura to "space out" for minutes at a time), mood swings, weakness in his right leg, numbness in one arm, back pain, and neck pain, among other ailments. Although the ALJ found that Alaura suffered from multiple severe impairments – namely, traumatic brain injury, seizure disorder,

neuropathic pain, headaches, occipital neuralgia, insomnia, cognitive disorder, adjustment disorder, and mood disorder – the ALJ denied Alaura's request.

Eventually the case made its way to me, and I affirmed the ALJ. (DE 23.) Alaura then appealed to the Seventh Circuit, which reversed the ALJ and remanded back to the Social Security Administration to reconsider the denial of benefits. (DE 32.) Specifically, and most relevant to this motion, the Seventh Circuit found that the ALJ had "made no effort to consider the *combined* effects on Alaura's ability to work of all his impairments and limitations." (DE 32 at 12 (emphasis original).) After prevailing at the Seventh Circuit, Alaura now requests attorneys fees pursuant to the Equal Access to Justice Act (EAJA). (DE 33, 37.) The Commissioner opposes this request. (DE 35.)

**Discussion**

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover his attorney's fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) he filed a timely application. 28 U.S.C. § 2412(d)(1)(A),(B). The Commissioner contests Alaura's fee application solely on the basis that its position was "substantially justified," so that's the only issue I need to address. (*See generally* DE 35.)

The Commissioner 's position is substantially justified if it has "a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (citation omitted).

The Commissioner bears the burden of proving substantial justification. *Id*. In the Seventh Circuit, the Commissioner must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts allege and the legal theory propounded." *Id*.

In cases where the Circuit has reversed the ALJ, my job is then to analyze the merits of the Commissioner's position during the litigation. *Id*. "Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id*. Moreover, a total failure to consider certain evidence, including the combined effects of an applicant's ailments on his or her ability to work, is the type of mistake that warrants EAJA fees. *See e.g. id*. at 725; *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011); *Peterson v. Shalala*, 818 F.Supp. 241, 244-45 (S.D. Ill. 1993); *Bringe v. Astrue*, No. 08-C-1025, 147 Soc. Sec. Rep. Serv. 383, at *4 (E.D. Wis. Nov. 7, 2009). In fact, "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860.

Here, the Seventh Circuit rejected the ALJ's decision because she "made no effort to consider the *combined* effects on Alaura's ability to work of all his impairments and limitations." (DE 32 at 12 (emphasis original).) The Circuit ultimately concluded that "the administrative law judge's scattershot analysis leaves us with no confidence that

Alaura's fitness for full-time gainful employment as of the hearing date was responsibly determined." (*Id*. at 13-14.) Indeed, upon my review of the ALJ's decision, I, too, find that the ALJ failed entirely to consider whether the combined effects of Alaura's ailments may have rendered him disabled. The Commissioner tries to classify this omission as merely an "articulation error" – *i.e.* the ALJ explained her position, but simply not well enough or in enough detail. (DE 35 at 6.) Such errors are generally not enough to warrant EAJA fees. *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006). But a total failure to consider a line of thought isn't the same as an articulation error. *See e.g. Bassett*, 641 F.3d at 860; *Bringe*, 147 Soc. Sec. Rep. Serv. at *4. Under the precedent cited above, the ALJ's total failure to consider the combined effects of Alaura's ailments along with the Circuit's strong language admonishing the ALJ for this oversight weigh in favor of granting fees.

The Commissioner does not dispute the amount of fees requested. I have reviewed the fee request, including the itemized billing and Alaura's counsel's affidavit, and I find that the fees are reasonable. *See generally Sprinkle v. Colvin*, 777 F3d 421 (7th Cir. 2015). I will therefore grant Alaura the full amount requested: $17,746.00. (DE 37.)

**Conclusion**

For the reasons explained above, Alaura's request of attorney's fees under the EAJA is **GRANTED** in the amount of $17,746.00. (DE 33, 37.)

**SO ORDERED**.

ENTERED: February 29, 2016

s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT